# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **THE BEACON MUTUAL INSURANCE COMPANY,**<br>**Plaintiff**<br><br>**v.**<br><br>**ONEBEACON INSURANCE GROUP LLC,**<br>**Defendant** | CA 07 450 T<br>**C.A. No.** |

## COMPLAINT

## PARTIES

1. Plaintiff, The Beacon Mutual Insurance Company, is a Rhode Island domestic mutual insurance company that maintains its principal place of business at One Beacon Centre, Warwick, Rhode Island.

2. Defendant, OneBeacon Insurance Group LLC, formerly known as CGU, is a foreign corporation that maintains its principal place of business at One Beacon Lane, Canton, Massachusetts. Defendant does business under the name "OneBeacon Insurance Company" and is licensed by the Rhode Island Department of Business Regulation as a property and casualty insurer.

## JURISDICTION

3. The Court has jurisdiction over this action under 28 U.S.C. § 1338 as a case arising under federal trademark law.

## FACTS

**Use of Trade Names and Service Marks**

4. Both Plaintiff and Defendant advertise and promote, offer for sale, and sell insurance products and services, including workers' compensation insurance, in the State of Rhode Island.

5. Since 1992, Plaintiff has adopted and used continuously the service marks and trade names of "The Beacon Mutual Insurance Company," "Beacon Insurance" and "The Beacon" together with a lighthouse logo as part of its advertising and promotion, offering for sale, sale, and administration of its insurance products and services in the State of Rhode Island.

6. Since 1992, Plaintiff has expended a significant amount of money, time, and effort in actively promoting its insurance products and services under its service marks and trade names, as a result of which it has acquired a substantial share of Rhode Island's workers' compensation insurance market.

7. Plaintiff exclusively used its service marks and trade names in Rhode Island for almost nine years from 1992 to June of 2001.

8. In June of 2001, Defendant, which name had changed that same year from CGU Insurance to OneBeacon Insurance Group LLC, began advertising and promoting, offering for sale, selling, and administering its insurance products and services in Rhode Island under the name OneBeacon Insurance and employing a lighthouse logo.

9. Defendant's use of deceptively similar marks to that of Plaintiff to advertise and promote, offer for sale, sell, and administer insurance products and services similar to that of Plaintiff caused confusion amongst Rhode Island employers, employees, vendors,

doctors, court personnel and others as to whether there existed a relationship between Plaintiff and Defendant and led those persons to believe that Defendant's insurance products and services were somehow sponsored by or connected with Plaintiff's business when in fact there was no such connection.

10. As a result of the confusion engendered by Defendant's use of the OneBeacon name and lighthouse logo, the association between Plaintiff's products and services and its marks and trade names was weakened, causing Plaintiff to suffer damage to its business, goodwill, reputation, and profits.

**Underlying Action to Enjoin Use of OneBeacon Name and Lighthouse Logo**

11. In order to put an end to the apparent confusion amongst Rhode Island consumers and beneficiaries of Plaintiff's insurance products and services and other third parties, on or about July 5, 2001, Plaintiff filed a complaint in Rhode Island Superior Court against Defendant asserting claims of federal and state unfair competition, and service mark infringement and dilution of trademark under state law (the "Underlying Action").

12. In the Underlying Action, Plaintiff requested, among other things, that the Defendant be enjoined from using the name OneBeacon and the lighthouse logo, or any colorable imitation thereof, in Rhode Island.

13. Defendant removed the Underlying Action to this Court where it was docketed as C.A. No. 01-354 S.

14. After a bench trial, this Court issued a Decision and Order in favor of Plaintiff on July 15, 2005 (the "Order"). A true and accurate copy of the Order is appended hereto as Exhibit A.

15. As part of the Order, the Court found that Plaintiff's use of its descriptive trade marks and logos had acquired secondary meaning in the Rhode Island market such that individuals responsible for, or influential in, selecting their company's workers' compensation insurance and/or commercial/industrial insurance associated the Beacon name and lighthouse logo with Plaintiff.

16. As part of the Order, the Court found that Defendant's use of the OneBeacon name and lighthouse logo was fundamentally similar to the marks used by Plaintiff and, therefore, created a substantial likelihood of confusion amongst Rhode Island employers, employees, vendors, doctors, court personnel and others as to the relationship between the two parties and the source of the relevant insurance products and services.

17. Based upon its findings and pursuant to its equitable powers to issue injunctive relief under the Lanham Act, the Court enjoined OneBeacon from using the OneBeacon name and lighthouse logo in Rhode Island.

18. On or about July 19, 2005, the Court issued an Amended Judgment in favor of Plaintiff pursuant to the Order. A true and accurate copy of that Amended Judgment is appended hereto as Exhibit B.

**Defendant's Conduct Following Issuance of the Order in the Underlying Action**

19. Upon information and belief, since the issuance of the Order in 2005, Defendant has continued to use the name "OneBeacon" and/or the lighthouse logo in Rhode Island, in addition to the name OBI Insurance.

20. Upon information and belief, for its claims and billing correspondence with its Rhode Island policyholders, Defendant uses envelopes displaying the "OneBeacon" name

on the rear of the envelope and instructs its policyholders to tender their premium payments to OneBeacon.

21. Defendant is currently registered with the Rhode Island Department of Business Regulation as "OneBeacon Insurance Company" and is listed by the National Association of Insurance Commissioners ("NAIC") as licensed in Rhode Island as "OneBeacon Insurance Company."

22. The website currently available for use by Rhode Island policyholders is that of OneBeacon. That website, www.onebeacon.com, is not segregated for Rhode Island policyholders and does not make available a separate web page for OBI information and forms.

23. The website currently used by OneBeacon lists authorized agents in Rhode Island under the name "OneBeacon" and a depiction of a lighthouse.

24. Entry of the web address of www.obiinsurance.com, directs the browser to the www.onebeacon.com website.

25. The claims and billing telephone numbers currently offered for use by Defendant's Rhode Island policyholders indicate that the caller has reached "OneBeacon Insurance."

26. Defendant currently advertises the OneBeacon "OnePac" program, designed for small businesses, as available in Rhode Island.

27. Many of the websites currently used by Defendant's authorized agents identify "OneBeacon", not OBI, as the insurance company they represent.

28. Since the issuance of the Order through 2007, Defendant has brought numerous actions against third parties in Rhode Island Superior Court identifying itself as "OneBeacon Insurance" or "OneBeacon Insurance Group."

29. The information detailed in paragraphs 20-28, above, evidence Defendant's continued use of the OneBeacon name and lighthouse logo in Rhode Island.

30. As a result of Defendant's continued unpermitted use of the name OneBeacon and lighthouse logo in Rhode Island, confusion remains among Rhode Island employers, employees, vendors, doctors, and others about the distinction between Plaintiff's insurance products and services and that of Defendant.

31. As a result of Defendant's continued and unpermitted use of the name OneBeacon Insurance and/or the lighthouse logo in Rhode Island, Plaintiff's trademarks and names have been weakened, thereby damaging Plaintiff's business, goodwill, reputation, and profits.

**Defendant's Concurrent Use Application to the United States Patent and Trademark Office.**

32. On or about June 26, 2006, Defendant filed concurrent use application No. 78916566 with the United States Patent and Trademark Office ("Concurrent Use Application").

33. In its Concurrent Use Application, Defendant seeks to register its mark "ONEBEACON" for its exclusive use in connection with insurance underwriting services in the fields of property, casualty, accident, liability, health, reinsurance, and surety, and insurance agency services in the area comprising the entire United States except for the State of Rhode Island.

34. In its Concurrent Use Application, Defendant does not acknowledge the full extent of Plaintiff's trademark rights under federal law and as delineated by the Order.

35. The geographic restriction proposed by Defendant in its Concurrent Use Application is not sufficiently protective of Plaintiff's trademark rights because, *inter alia*, Plaintiff has used and is using its marks in areas outside of Rhode Island, such as Massachusetts and Connecticut.

36. Defendant does not propose a mode of use of the ONEBEACON mark in its Concurrent Use Application, which may be required in order to protect Plaintiff's trademarks rights.

37. If the Concurrent Use Application is granted, there is a likelihood that Defendant's concurrent use of the ONEBEACON mark in connection with its goods and services will cause confusion as to the source of the goods and services currently provided by Plaintiff.

**COUNT I**
**(Civil Contempt)**

38. The allegations of Paragraphs 1 through 37 are incorporated by reference as if fully set forth herein.

39. Defendant, as a party to the Underlying Action, has had notice of the Order and its enjoinder of Defendant's use of the OneBeacon name and lighthouse logo in Rhode Island.

40. The Order is clear, definite, and unambiguous that as of July 15, 2005, the Defendant is prohibited from using the name OneBeacon Insurance and the lighthouse logo in Rhode Island.

41. Defendant has been at all times able to comply with the Order's enjoinder.

42. Defendant has failed to take reasonable steps to comply with or implement administrative or operational changes to adhere to the terms of the Order.

43. In violation of the clear, definite and unambiguous terms of the Order, Defendant has continued to use the name OneBeacon and lighthouse logo in Rhode Island.

44. As a result of Defendant's violation of the Order, Plaintiff trademarks and names have been weakened, thereby damaging Plaintiff's business, goodwill, reputation and profits.

45. As a beneficiary of the injunction imposed by the Order, Plaintiff is entitled to sanctions for Defendant's conduct in violation of the injunction and a further order from this Court requiring that Defendant, including its officers, agents, servants, employees and representatives, abide by the terms of the Order.

WHERFORE, the Plaintiff, The Beacon Mutual Insurance Company, demands judgment against Defendant OneBeacon Insurance Group LLC for civil contempt of the Court's July 15, 2005 Order and Decision, and for damages caused by and sanctions for Defendant's conduct, together with interest, costs and expenses, including reasonable attorney's fees, incurred in bringing and pursuing this action, and for such other relief as this Court deems just and proper.

**COUNT II**
**(Declaratory Judgment)**

46. The allegations of Paragraphs 1 through 45 are incorporated by reference as if fully set forth herein.

47. A substantial controversy exists between Plaintiff and Defendant in that the Defendant has not and is not abiding by the injunction imposed by the Order and has filed

the Concurrent Use Application which threatens violation of the Order, the purpose of which is to protect the trademark rights of Plaintiff by restraining Defendant from the use of similar trademarks in connection with its marketing and promotion, offer for sale, sale, and administration of insurance products and services in the State of Rhode Island.

48. Plaintiff has a right to ensure compliance with the injunction and that Defendant's proposed concurrent use registration does not have the effect of violating the injunction and weaken its trade names and service marks.

49. Plaintiff is entitled to protect its trade names and service marks to the maximum extent provided for under the Order.

50. Defendant has an obligation under the Order to refrain from conduct that would negatively affect Plaintiff's use of its trade names and service marks in the State of Rhode Island.

51. If Defendant does not cease use of the OneBeacon name and lighthouse logo in Rhode Island and appropriately restrict its concurrent use registration, confusion about the distinction between the parties' insurance products and services will be perpetuated, the association between Plaintiff's marks and its own insurance products and services will be weakened, and Plaintiff's business, reputation, profits will be negatively impacted, and damaged.

52. In order to resolve the controversy, it is necessary for the Court to declare the respective rights and obligations of the Plaintiff and Defendant under the Order and in particular to specify precisely what Defendant must do or refrain from doing in order to comply with the Order.

WHEREFORE, the Plaintiff, The Beacon Mutual Insurance Company, demands judgment delineating: 1) its rights under the Order to ensure protection of its trade names and service marks; and 2) Defendant's obligations under the Order to refrain from the use of the OneBeacon name and lighthouse logo in connection with its advertising and promotion, offer for sale, sale, and administration of insurance products and services in the State of Rhode Island.

THE BEACON MUTUAL
INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Jennifer Cervenka (#6340)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: December 6th, 2007

954670_1/1222-258